**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

        Plaintiff,                    Case No.: 2:25-mc-50631

v                                  Hon. Matthew F. Leitman

JOHN BRAVATA,

        Defendant,

and

STATE OF MICHIGAN
DEPARTMENT OF TREASURY,
UNCLAIMED PROPERTY,

        Garnishee.

_____/

**RESPONSE IN OPPOSITION TO DEFENDANT'S**
**MOTION FOR HEARING [ECF NO. 5]**

COMES NOW, the United States of America, Plaintiff, by and through the undersigned, in opposition to the Defendant-Judgment Debtor John Bravata's Motion for Hearing (the "Motion") (ECF No. 5) because the Bravata has failed to allege any grounds under 28 U.S.C. § 3205 that would justify a hearing.

In support its Response, the United States avers the following:

1.      On March 27, 2013, a jury convicted Bravata of:

- Count 1, Conspiracy to Commit Wire Fraud, in violation of 18 U.S.C. §§ 1349 and 1343; and
- Counts 3-16, Aiding and Abetting Wire Fraud, in violation of 18 U.S.C. §§ 1343 and 2,

in *United States v. Bravata*, No. 2:11-cr-204314 01 (E.D. Mich.) (Borman). ECF No. 230 and 282.

2.      On September 23, 2013, the Court entered a Judgment against Bravata with restitution to be determined at a later hearing. *Id.*, ECF No. 282, at PageID.6218. On December 11, 2013, after briefing and hearing on restitution, the Court entered an Amended Judgment against Bravata for restitution in the amount of $44,533,437.86. *Id.*, ECF No. 353, PageID.8353.

3.      As of July 22, 2025, the outstanding balance is **$44,516,580.46**. A copy of Bravata's payment history has been provided to him at his last known address. A total of $17,775.34 has been applied to Bravata's outstanding balance consisting of Inmate Financial Responsibility Program payments and offset payments from Bravata's enrollment with the Treasury Offset Program, an administrative offset of Bravata's eligible federal benefits. The outstanding balance has been verified with the Clerk of the Court, the official recordkeeper. *See* 18 U.S.C. § 3612.

4.      Bravata's Motion alleges his restitution amount is inaccurate due to missing credit for seized assets from other individuals and companies. ECF No. 5, PageID.33 and 34. Prior to entry of his criminal judgment, Bravata was involved in the civil matter *U.S. Sec. & Exch. Comm'n v. Bravata, et al.*, No. 2:09-cv-12950 (E.D. Mich.) (Lawson),.involving the same or similar conduct as the underlying criminal proceedings at *United States v. Bravata*, No. 2:11-cr-204314 01 (E.D.

Mich.) (Borman). Unfortunately, by the time the SEC filed its Complaint, requested the injunction, and the Receiver was appointed, any holdings or property of the Bravata entities were of *de minimis* value, while the costs attendant to the administration of the estate far exceeded any recovery, resulting in any recovered funds being utilized in the administration of the receivership or other necessary related fees.

5.      The United States Attorney's Office Financial Litigation Program ("USAO") enforces restitution judgments. To enforce the Court's order for restitution, the United States sought, obtained, and served a Writ of Garnishment on the Michigan Department of Treasury (the "Michigan Treasury"). ECF No. 1-3.

6.      Simultaneously, on June 13, 2025, the United States served the Michigan Treasury and Bravata in compliance with 28 U.S.C. § 3205(c)(3) and Fed. R. Civ. P. 4. ECF No. 2. A copy of the Writ with instructions for objecting to the Garnishee's Answer, objecting to the Writ, and for obtaining a hearing on those objections were mailed to all parties. A Certificate of Service was filed attesting to the service. *See* ECF No. 2.

7.      On July 8, 2025, one day prior to the Michigan Treasury's Answer, the USAO received Bravata's Motion. Bravata requested a hearing, "reserve[d] his right to claim exemptions," and requested accounting records. ECF No. 5, at PageID.34.

3

8.      On July 9, 2025, the Michigan Treasury filed its Answer stating it has in its possession, custody, or control, cash in the amount of $1,454.40 in which Bravata has an interest. ECF No. 4. The Michigan Treasury also identified an additional potentially interested party. A copy of the Writ and instructions for filing a claim for exemptions or requesting a hearing have been served. ECF No. 5.

9.      The United States is entitled to garnish Bravata's interest in unclaimed cash held with the Michigan Treasury, because Bravata's non-exempt property is subject to his criminal restitution judgment. *See* 18 U.S.C. § 3613.

10.     Bravata's request for a hearing should be denied because he has failed to identify any exemption, or offer any support for an exemption, for the garnished property that would justify a hearing on the matter. A hearing under Section 3202(d) is limited to determining the validity of a claimed exemption and the government's compliance with the FDCPA's statutory requirements. *See* 28 U.S.C. § 3202(d). It is "not an opportunity for [Defendant] to challenge the validity of the underlying conviction or restitution obligation." *See United States v. Pugh*, 75 Fed.Appx. 546, 547 (8th Cir. 2003).

11.     Bravata has requested a hearing and "reserved" his right to claim exemptions. ECF No. 5, at PageID.34. Where the underlying judgment was not by default, a judgment debtor can obtain relief from garnishment on only two bases: a valid exemption or the government's failure to comply with the statutory

4

requirements for the garnishment process. 28 U.S.C. § 3202(d). The judgment debtor has the burden of proving that a basis for relief exists. 28 U.S.C. § 3205(c)(5); *United States v Sawaf*, 74 F.3d 119, 122 (6th Cir. 1996).

WHEREFORE, this Court should deny the Defendant-Judgment Debtor John Bravata's request for a hearing. Pending any response from the potentially interested party, the United States will file a proposed Order to Pay directing the Michigan Treasury to transmit the funds at issue to the Court Clerk for application towards John Bravata's criminal restitution debt.

Respectfully submitted,

JEROME F. GORGON
United States Attorney

/s/ Jessica A. Nathan
JESSICA A. NATHAN
Assistant United States Attorney
211 W. Fort St., Ste. 2001
Detroit, Michigan 48226
Phone: (313) 226-9643
E-mail: jessica.nathan@usdoj.gov
Date: July 22, 2025                     Bar No.: (TX 24090291)

5

## CERTIFICATE OF SERVICE

I, Jessica A. Nathan, Assistant United States Attorney for the Eastern District of Michigan, do hereby certify that the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which will electronically notice counsel of record.

I further certify that I have mailed the foregoing document, by United States Postal Service, to the following non-CM/ECF participants, utilizing the last known address available to the United States Attorney's Office for the Eastern District of Michigan.

John Bravata, Reg. No. 65565-053
Ashland FCI
PO Box 6001
Ashland, KY 41105
*Defendant-Judgment Debtor*

Michigan Dept. of Treasury,
Unclaimed Property
ATTN: Terry Stanton
PO Box 30756
Lansing, MI 48909
*Garnishee*

/s/ Jessica A. Nathan
JESSICA A. NATHAN
Assistant United States Attorney
211 W. Fort St., Ste. 2001
Detroit, Michigan 48226
Phone: (313) 226-9643
E-mail: jessica.nathan@usdoj.gov
Bar No.: (TX 24090291)

Date: July 22, 2025

6